# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

A.V. AVINGTON, JR. and PATRICIA L. AVINGTON,

    Plaintiffs,

v.

BANK OF AMERICA, N.A. d/b/a/ BANK OF AMERICA HOME LOANS, and MERSCORPS HOLDING INC.

    Defendants.

Case No. 17-CV-21-JED-FHM

## OPINION AND ORDER

**I. Background**

Before the Court are (1) the Motion to Dismiss filed by the defendants, Bank of America, N.A. (BOA) and Merscorps Holding Inc. (Doc. 18) and (2) the plaintiffs' Motion to Add Additional Party as a Defendant (Doc. 40).

Although the Complaint is lengthy, it is impossible to discern any cognizable claim from its allegations. The plaintiffs assert two particular causes of action, identified as follows:

> "FIRST CAUSE OF ACTION- BANK OF AMERICA FRAUD TO INCLUDE CONSPIRATOR BANKS BANK OF NEW YORK MELLON AND THE DISTRICT COURT ERRED IN DISSMISSING [sic] THE PLAINTIFFS' CLAIM"
>
> "SECOND CAUSE OF ACTION-BANK OF AMERICA CORPORATION AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS) BREACH OF REPRESENTATION OR WARRANTY"

(Doc. 1 at 9-11). Although they label their second claim as a "breach of representation or warranty," that claim is based upon their assertions that the defendants failed to comply with legal obligations under the Troubled Asset Relief Program (TARP) and the Home Affordable Modification Program (HAMP). (*See id.* at ¶¶ 38-41).

While they have separately identified only the two causes of action for fraud and breach of representation, the plaintiffs also reference numerous other statutes and allude to alleged discrimination. For example, plaintiffs allege that the defendants engaged in racial discrimination in violation of the Fair Housing Act, 42 U.S.C. §§ 3601-3619, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. They further allege that the defendants committed "Major Fraud against the United States" under 18 U.S.C. § 1031 and violated the Racketeer Influenced and Corrupt Organizations (RICO) Act under 18 U.S.C. §§ 1962, 1964. (Doc. 1 at 2).

Most of the allegations of plaintiffs' Complaint appear copied from filings in one or more other cases. For example, parts of the Complaint are nearly identical to a published decision of the Tenth Circuit, *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016); *see also* Doc. 1 at 8-9). Elsewhere in the Complaint, the plaintiffs refer to prior proceedings on summary judgment in 2015, but this action was not filed until 2017, and there have been no summary judgment filings here. (*See id.* at ¶ 9). Plaintiffs refer to themselves in places as "Appellants" (*id.* at *passim*), even though this case is at the pleading stage, and they reference various proceedings or filings in the state courts in Oklahoma (*see id.* at ¶¶ 17, 21, 24, 27, 30-36). The plaintiffs further argue that the Tulsa County District Court: (1) "erred in dismissing" a RICO claim (*id.* at ¶ 27); (2) "would not hear the Plaintiff(s) [sic] argument or consider the evidence presented to her surrounding the facts that emulated this cause of action" (*Id.* at ¶ 32); (3) granted summary judgment on January 4, 2016; (4) denied plaintiffs' post-judgment motions; and (5) ordered plaintiffs' property to be sold at sheriff's sale. (*id.* at ¶¶ 33-35). The plaintiffs also assert that they filed suit in state court "against all those that were involved with the fraud of their original mortgage home loan contract" in 2013, with the exception of the defendants named in this lawsuit. (*Id.* at 37).

In general, the plaintiffs allege that, in 2008, Bank of America "vigorously pursued the Plaintiff(s) [sic] to foreclose on their mortgage" in Tulsa County District Court and "continued to pursue" foreclosure through 2011. (*Id.* at ¶¶ 17-18). The plaintiffs assert that they requested to participate in the Home Affordable Foreclosure Alternatives Short Sale Program in May 2011. (*Id.* at ¶ 19). Because the plaintiffs' home was in "deplorable condition," plaintiffs requested that Bank of America reappraise the property before attempting to sell it, and the appraisal concluded the property had a fair market value of $23,000. (*Id.* at ¶¶ 19-20). Even though the plaintiffs "made every attempt to modified [sic] their home loan with Bank of America the procedure became non [sic] and void." (*Id.* at ¶ 24). The plaintiffs assert that they received notice in March of 2012 from the Oklahoma Attorney General that "they had been a victim of mortgage fraud . . . with respect to their foreclosure or loan modification with Bank of America Corporation." (*Id.* at ¶ 25).

The defendants argue that the Complaint should be dismissed because the plaintiffs have failed to plead plausible claims, have failed to plead their fraud and RICO claims with the requisite particularity, and have asserted facts from which it is clear that their claims, if any, are time-barred.

## II. Pleading Standards

While pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janner*, 425 F.3d 836, 840 (10th Cir. 2005). Further, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform

3

"vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether plaintiff has stated a claim upon which relief may be granted. A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard requires "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted).

## III. Discussion

### A. Dismissal Motion

#### 1. Statutes of Limitation

As the defendants note in their motion, the plaintiffs have not asserted any allegations relating to conduct of the defendants after 2011. Thus, according to the defendants, even if the Complaint otherwise asserted facts that would state plausible claims, any such claims would be time-barred. The applicable statutes of limitations are two years as to plaintiffs' fraud claim, *Okla. Stat.* tit. 12, § 95(3), four years on their RICO claim, *Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1274 (10th Cir. 2014), and five years on any alleged breach of written contract or warranty theory, *see Okla. Stat.* tit. 12, § 95(1).[1]

---

[1] Although the plaintiffs reference a breach of contract and breach of warranty, their claim of "breach of representation" seems more akin to a fraud claim – which would be subject to the two year statute of limitations – rather than a contract claim.

4

The Court agrees with the defendants that, on its face, the Complaint does not plausibly state any timely claim, requiring dismissal. The plaintiffs assert that they filed suit in state court *in 2013* "against all those that were involved with the fraud," with the exception of the defendants in this suit. (Doc. 1 at ¶ 37). That allegation, alone, would establish that the plaintiffs were aware of any fraud by the time they filed that suit, such that the two-year statute of limitations would have expired, at the very latest, two years after the suit was filed in 2013. But this suit was not filed until much later. Similarly, the plaintiffs complain of alleged wrongdoing between 2008 and 2011, more than five years before they initiated this litigation.

2. *Discrimination*

While plaintiffs have not identified a separate discrimination cause of action, they allege racial discrimination that violated the Equal Credit Opportunity Act and the Fair Housing Act. (Doc. 1 at ¶¶ 1, 15). The Complaint contains no facts that would state a plausible claim for racial discrimination under those or any other laws. Plaintiffs do aver that they are "African-American residents of the City of Tulsa," but they have alleged no facts that indicate the defendants engaged in any conduct based upon the plaintiffs' race. In addition, any claim under the Equal Credit Opportunity Act must have been brought within five years, *see* 15 U.S.C. § 1691e(f), and any claim under the Fair Housing Act must be brought within two years after the alleged discriminatory housing practice, *see* 42 U.S.C. § 3613. As with plaintiff's first and second causes of action, the Complaint does not contain any allegations stating a plausible claim for discrimination, much less any claims that were asserted before the expiration of those Acts' limitations periods.

3. *Fraud Claim*

In addition to their failure to plead any fraud claim that would not be time-barred, the plaintiffs have also failed to allege any factual predicate for a plausible fraud claim. "In alleging

5

fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The plaintiffs generally state that they have been victims of "mortgage fraud . . . with respect to their foreclosure or loan modification with Bank of America" (Doc. 1 at ¶ 25), but they have not identified any particular facts that support a plausible fraud claim. For example, they have not identified any material misrepresentations or omissions by the defendants, any damages, or causation.

    4.    RICO Claim

Plaintiffs cite 18 U.S.C. §§ 1962 and 1964 in support of their RICO allegations. (*Id.* at 9). Assuming they have attempted to state a RICO claim, the Complaint fails to do so. A plaintiff filing a RICO claim must plead with particularity by setting forth "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016). A prima facie RICO action under 18 U.S.C. § 1962(c) requires allegations of facts showing that: (1) defendant conducted affairs; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *See Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002). The Complaint does not satisfy the requirements for pleading a RICO claim. For example, plaintiffs have failed to aver any pattern of racketeering activity by the defendants. *See* 18 U.S.C. § 1961(1) (defining "racketeering activity"); *Id.*, § 1961(5) ("pattern of racketeering activity" requires at least two acts of racketeering activity).

Although the plaintiffs complain that the defendants have committed major fraud against the United States under 18 U.S.C. § 1031, they have provided no facts to support such a claim, and § 1031 is not one of the statutes encompassed within the definition of "racketeering activity." *See* 18 U.S.C. § 1961(1). Plaintiffs also allege wrongdoing by Real Time Resolutions Inc. (Real Time)

within their RICO allegations, and they reference state court litigation against Real Time. Real Time is not a party to this lawsuit.[2]

Plaintiffs have not stated a plausible RICO claim.

### 5. *Breach of Representation or Warranty Claim*

Plaintiffs label their final cause-of-action as a "breach of representation or warranty." (Doc. 1 at 11). In attempting to establish that claim, plaintiffs allege that Bank of America breached its obligations under TARP and HAMP. (*Id.* at 11-12). Numerous courts have determined that TARP and HAMP do not provide a private right of action. *See, e.g., In re Gill*, 2016 WL 3920608, at *4 (Bankr. W.D. Okla. July 18, 2016) ("It is well settled that HAMP does not create a private right of action.") (unpublished) (collecting cases from other Circuits); *Nivia v. Nation Star Mortg., LLC*, 620 F. App'x 822, 825 (11th Cir. 2015) (unpublished) (concluding that there is "no private right of action is available under TARP or HAMP"); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1185 (N.D. Cal. 2009) (stating that "there is no implied private right to sue fund recipients under TARP"). Accordingly, plaintiffs have no private right of action under TARP or HAMP and the claim based upon those Acts must be dismissed.

### 6. *Plaintiffs' Request to Amend*

In their response to the dismissal motion, the plaintiffs have requested that the Court grant them leave to amend so that they can attempt to set forth facts showing that their claims "are not precluded by and [sic] Statute of Limitations." (Doc. 21 at 9). A "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In light of the applicable standard

---

[2] The referenced dispute with Real Time concluded following the state court's entry of summary judgment in Real Time's favor. As noted, plaintiffs also allege throughout their Complaint that the state courts erred, and plaintiffs suggest that they are "Appellants" who are attempting to appeal, but this Court does not sit as a civil appeals court over the state courts.

and the plaintiffs' pro se status, their request to amend is granted in part. The plaintiffs may file an amended complaint in an attempt to provide a sufficient factual basis for their claims, except for their claims for damages that are premised upon HAMP or TARP. Any claims based on HAMP or TARP are dismissed with prejudice, without leave to amend such claims. *See Moya v. Garcia*, 895 F.3d 1229, 1239 (10th Cir. 2018) ("leave to amend should be freely granted when justice requires, but amendment may be denied when it would be futile").

### B. Motion to Add a Party Defendant

The plaintiffs have moved for leave to add Carrington Mortgage Services, LLC (Carrington) as a defendant pursuant to Fed. R. Civ. P. 20. (Doc. 40). The plaintiffs assert that Carrington notified the plaintiffs on December 26, 2017 that Carrington was the new loan servicer of their real estate loan. (Doc. 40 at 3). Carrington then began sending monthly billing statements to plaintiffs showing their delinquency on the loan. (*Id*. at 3-4). Plaintiffs allege that these acts by Carrington constituted fraud and conspiracy in violation of 15 U.S.C. § 45. (*Id*. at 3).

Plaintiffs indicate that they seek to add Carrington in order to assert a claim against Carrington under 15 U.S.C. § 45. There is no private right of action to enforce the provisions of that statute. *See* 15 U.S.C. § 45 (describing only actions pursued by the Federal Trade Commission); *see also American Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992) ("there is no private right of action under this statute"); *Olds v. Bank of America,* 573 F. App'x 710, 711 (10th Cir. 2014) (unpublished) ("there is no private right of action under the [Federal Trade Commission] Act");[3] *Flores v. OneWest Bank, F.S.B.*, 886 F.3d 160, 167 (1st Cir. 2018)

---

[3] In *Olds,* the Tenth Circuit affirmed the district court's dismissal of the mortgagors' complaint, which alleged a claim for fraud and a claim under 15 U.S.C. § 45. The Tenth Circuit determined that the "district court correctly ruled that there is no private right of action under the FTC Act" and the plaintiffs had "utterly failed to satisfy the Rule 9(b) requirement that they allege how they relied to their detriment on . . . alleged false statements." 573 F. App'x at 711-12.

(affirming "that the Act does not authorize a private right of action."). Plaintiffs have no claim under 15 U.S.C. § 45, and permitting amendment to join Carrington to assert a non-existent claim would be futile. Thus, plaintiffs' motion to add Carrington as a party defendant (Doc. 40) is **denied**.

## IV. Conclusion

The Motion to Dismiss (Doc. 18) is **granted**. The plaintiffs' claims are dismissed for failure to state a claim. Any claims premised upon HAMP or TARP are dismissed with prejudice, without leave to amend. All other claims are dismissed without prejudice, and any amendment as to those claims shall be filed within **14 days** of the filing of this order. Plaintiffs' motion to add Carrington as a party (Doc. 40) is **denied**.

SO ORDERED this 18th day of September, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE